# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:05-cv-27(HL) |
| **$200,255.00 IN UNITED STATES CURRENCY, MORE OR LESS,** | : : | |
| Defendant. | : | |

# ORDER

This matter is before the Court on the Motion of Plaintiff, the United States of America, for Final Order of Forfeiture (Doc. 28). No response to the Motion has been filed by the Claimant, Andres Ramirez.

This action was commenced on March 22, 2005, by the Government's filing of a Complaint for Forfeiture. Claimant, Andres Ramirez, filed a verified statement of claim to the $200,255.00 in currency that was made the subject of the forfeiture. The verified claim was filed on April 18, 2005. Pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims that were in effect at that time, Ramirez was required to serve and file an answer within 20 days of the filing of his claim to the property. Fed. R. Civ. P. Supp. R. C(6)(a). Ramirez did not file an answer within the time required by Supplemental Rule C(6)(a). Instead, on April 28, 2005, Ramirez filed a Motion to Dismiss and a Motion for Summary Judgment.

On June 16, 2006, the Court entered an Order denying Ramirez's Motion to Dismiss and denying Ramirez's Motion for Summary Judgment. In the Order, the Court reminded Ramirez that he had filed a Motion to Dismiss in lieu of an answer and advised Ramirez to consider whether an answer would need to be filed given that the Motion to Dismiss had been denied. (Order of June 16, 2006 at 19 n.10.) Federal Rule of Civil Procedure 12(a)(4) provides that if the district court denies a motion to dismiss made in lieu of an answer, the answer must be served within ten days after notice of the court's action. No answer was ever filed on Ramirez's behalf. Instead, on July 5, 2006, Ramirez moved for a stay of all proceedings. The Court granted the motion for stay on July 18, 2006. The stay was lifted by Order entered on May 15, 2007.

Under a strict interpretation of Supplemental Rule C(6)(a), Ramirez was required to file an answer within 20 days of his filing a verified statement of claim on April 18, 2005. This is so because the Supplemental Rules, unlike the Federal Rules of Civil Procedure, do not allow for the filing of a motion to dismiss in lieu of the filing of an answer. Under this analysis, therefore, Ramirez failed to plead and defend as required by Supplemental Rule C(6)(a) when he failed to file an answer by May 9, 2005. Even assuming, however, that the filing of the Motion to Dismiss on April 28, 2005, tolled the time for Ramirez to file an answer, his answer became due on July 3, 2006, which was ten days after his attorney received electronic notice of the Court's Order denying the Motion to Dismiss.[1] Therefore, under either analysis, Ramirez

---

[1] The 10-day period actually ended on Friday, June 30, 2006, but three days are added after the ten-day period, as required by Federal Rule of Civil Procedure 6(e). Thus, the request for a stay, which was made on July 5, 2005, even if it could have served to toll the time for filing an answer, was filed

failed to plead and defend as required by the Supplemental Rules and the Federal Rules of Civil Procedure.

The failure to plead and defend, as required by Supplemental Rule C, implicates Federal Rule of Civil Procedure 55, which governs the entry of default and default judgment. *See* United States v. $23,000 in U.S. Currency, 356 F.3d 157, 163 (1st Cir. 2004). The Government has not moved pursuant to Rule 55.[2] Nevertheless, the Court is of the opinion that Rule 55 is the appropriate vehicle for bringing this matter to a final resolution.

Rule 55(a) provides as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). In this case, the Government has sought a judgment for affirmative relief–seeking to have the defendant currency declared forfeited–and no answer has been filed on behalf of any party seeking to claim the defendant currency. It appears therefore, that the terms of Rule 55(a) are satisfied, and the clerk is directed to enter default as to the defendant property.

The entry of default under Rule 55(a) serves to establish a defendant's liability. Wing v. East River Chinese Restaurant, 884 F. Supp. 663, 669 (E.D.N.Y. 1995) (Noting, "A defaulting defendant admits every well-pleaded allegation of the complaint."). Once liability is established, it falls to the court to determine whether, under the circumstances specific to the

---

too late.

[2] In fact, the Government has offered no authority in support of its request for entry of a final order of forfeiture.

3

case, judgment should be entered. Id.

Here, in the absence of an answer, the allegations of the Government's complaint are deemed admitted. Thus, it is admitted that "probable cause exists to believe that the defendant currency constitutes money furnished or intended to be furnished in exchange for a controlled substance . . . or constitutes proceeds traceable to such an exchange, and is therefore subject to forfeiture." (Compl. ¶ 16.) Moreover, it is undisputed that the amount alleged to be subject to forfeiture is $200,255.00. Furthermore, Ramirez had notice of the Government's intent to move for final order of forfeiture, yet failed to respond to the Motion, or otherwise object to the entry of a final order of forfeiture.[3] No other person or entity has filed a claim and answer in this action, and the time for filing a timely claim and answer has expired. In view of the foregoing, therefore, it appears that there are no disputed issues that remain for the Court's determination, and the entry of final judgment is appropriate.

Accordingly, Plaintiff's Motion for Final Order of Forfeiture is granted. It is hereby ordered that:

All right, title, and interest of potential claimant Andres Ramirez in the defendant property is hereby forfeited to the United States. All other right, title, and interest in the defendant property is hereby forfeited to and vested in the United States, which shall have clear title to the property, and may warrant good title to any subsequent transferee, and shall dispose

---

[3] Ramirez's failure to respond to the Motion may stem from the fact that he had already forfeited his interest in the property by entering a plea of guilty to criminal charges brought against him in the Southern District of Florida, Case Number 1:06-cr-20095-PAS-4. Judgment was entered in that case on April 24, 2007.

of the property in accordance with the law.

There being no other matters pending, the Clerk is directed to close the case.

**SO ORDERED**, this the 24th day of May, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls